LANDRIEU, J.,
CONCURS WITH REASONS
11 This case arises from a lawsuit for personal injuries brought by Mr. Jones against his uninsured motorist carrier, GEICO. GEICO defended the suit on several grounds, one being a coverage defense as to whether Georgia law or Louisiana law applied to the policy at issue. If Georgia law applied, the plaintiffs suit against GEICO would fail because Mr. Jones settled his case with the underlying liability carrier, Allstate, without providing GEICO notice of the settlement and/or without reserving GEICO’s right of subrogation against Allstate. If Louisiana law applied, the plaintiffs failure to do either of the above would be irrelevant, and GEICO would owe the plaintiff coverage and certain duties under its policy. Among these duties is the right of good faith and fair dealing, obligating GEICO to make a “good faith tender” in accordance with McDill v. Utica Mut. Ins. Co., 475 So.2d 1085 (La. 1985).
As discussed by the majority, the parties litigated the choice of law issue to finality, with the end result being a finding that Louisiana law applied to Mr. Jones’ GEI-CO policy. Within thirty days of the judgment on that issue becoming final, GEICO made a tender to Mr. Jones. The amount of the tender is not at issue.'
The issue before us arises from a motion for partial summary judgment filed by Mr. Jones seeking a declaration that GEICO acted in bad faith by failing to 12make the tender sooner. It his motion, Mr. Jones asserted that GEICO’s choice of law defense was without merit and that GEICO had failed to inform him, prior to his settling with Allstate, of its assertion that Georgia law applied to his policy. GEICO filed a cross-motion for summary judgment and an opposition to the plaintiffs motion. The trial court heard both motions on June 3, 2016. On June 23,2016, the trial court issued a written judgment granting Mr. Jones’ motion for partial summary *928 judgment finding that GEICO acted in bad faith, and denying GEIGO’s motion for summary judgment.
GEICO has appealed the June 23, 2016 judgment asserting that the trial court erred by granting Mr. Jones’ motion for partial summary judgment and by denying GEICO’s motion for summary judgment.
I respectfully disagree with the majority’s finding that the judgment before us lacks sufficient decretal language. The judgment names the parties and their respective counsel. It leaves no doubt as to the party in favor of whom each ruling is ordered, the party against whom each ruling is ordered, or the relief that is granted. Accordingly, I find that our appellate jurisdiction is properly invoked.[1]
I concur in the majority’s reversal of the trial court’s granting of Mr. Jones’ motion for summary judgment. I agree that GEI-CO had a legitimate coverage defense. However, I am confused by the majority’s finding that “as a matter of law GEICO is entitled to summary judgment as to the alleged violation of La. R.S. 22:1892(B)(1) and 22:1973 (B)(5),” which appears to be inconsistent with its concurrent finding that that genuine issues of material fact remain as to whether GEICO can be found to have misrepresented the terms of Mr. Jones’ policy. I disagree that there are genuine issues of fact that would preclude summary judgment in favor of GEICO on this issue. The record does not reveal whether the [atrial court found GEICO to be in bad faith because GEICO delayed making a tender while litigating the choice of law issue, or because GEICO failed to advise the plaintiff that Georgia law applied to his policy prior to the plaintiff settling with Allstate, or both. However, as the majority notes, a trial court’s ruling on summary judgment is subject to de novo review. I find no law, nor has the plaintiff cited any, holding that an insurer has a duty to inform its insured of which state’s law applies to the insured’s policy, or that the failure to provide such information constitutes misrepresentation of policy terms. Therefore, I would find as a matter of law that GEICO was not in bad faith for misrepresenting the policy terms. I thus concur in the majority’s granting of summary judgment in favor of GEICO.
For the reasons stated, I respectfully concur in the result reached by the majority.
hLOBRANO, J., CONCURS IN THE RESULT.